UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRADEEP GUPTE,<br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE (USPS),<br>    *Defendant.* | No. 3:24-cv-0907 (VAB) |

**RULING AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

Pradeep Gupte ("Plaintiff") has sued the United States Postal Service ("USPS" or "Defendant") alleging USPS failed to deliver three letters. Compl., ECF No. 1-1 (April 24, 2024) ("Compl."). USPS has moved for dismissal for lack of subject matter jurisdiction. Mot. to Dismiss, ECF No. 8 (May 28, 2024). Mr. Gupte has filed a motion for leave to amend his Complaint. Request re Immunity Card, ECF No. 11 (Aug. 29, 2024) ("Request").

For the following reasons, the Postal Service's motion to dismiss is **GRANTED** and Mr. Gupte's motion for leave to amend is **DENIED.**

I.   **BACKGROUND**

On April 24, 2024, Mr. Gupte filed a Complaint in the Connecticut Superior Court alleging that his "3 letters were not delivered by USPS." Compl. These letters included "Certified Mail . . . to Uber Technology", a letter "[a]dressed to Supreme Court" that was "highly sensitive and worth about $500,000", and a letter to "Liberty Mutual Insurance." *Id.*

On May 21, 2024, USPS removed the case to federal court. Notice of Removal, ECF No. 1 (May 21, 2024).

1

On May 28, 2024, USPS filed a motion to dismiss for lack of subject matter jurisdiction and an accompanying memorandum in support. Memo. in Support, ECF No. 8-1 (May 28, 2024) ("Memo.").

On August 26, 2024 Mr. Gupte filed a document requesting that the Court "not . . . use the 'Immunity-card.'" Request re "Immunity Card", ECF No. 10 (Aug. 26, 2024).

On August 29, 2024, Mr. Gupte filed a second document reiterating his request regarding the "Immunity Card" and additionally requesting "leave of the court to add more information." Request.

II.   STANDARD OF REVIEW

    A.  Motion to Dismiss Under 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id.*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). However, the court may also resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold[ing] an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

### B. Motion for Leave to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within twenty-one days of service or twenty-one days after service of a required responsive pleading or motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." Id.

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc[.]" *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

## III. DISCUSSION

Construed liberally, Mr. Gupte's Complaint could raise claims in tort and contract law.

3

USPS argues that this Court lacks subject matter jurisdiction over either claim, as it is protected from suit by sovereign immunity and there is no waiver available allowing Mr. Gupte to sue in a federal district court. Memo. at 5.

In response, Mr. Gupte requests that the Court not use the sovereign immunity doctrine in his case. Request. He additionally requests "leave of the court to add more information", *id.*, which the Court reads as a motion for leave to amend his Complaint.

The Court addresses each argument in turn.

### A. Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he Postal Service enjoys [such] federal sovereign immunity[.]" *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). Any waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Without a waiver, courts lack the jurisdiction to hear any claim barred by sovereign immunity. *Meyer*, 510 U.S. at 475. ("Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." (cleaned up)).

#### 1. The Tort Claims

The Federal Tort Claims Act (FTCA) waives immunity for certain tort claims against the United States and its employees. *See* 28 U.S.C. § 1346(b). However, the Act includes several exceptions, and "[i]f one of the exceptions applies, the bar of sovereign immunity remains." *Dolan*, 546 U.S. at 485.

Included in the exceptions is "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The Supreme Court has

concluded that this exception "retain[s] immunity . . . for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. "Illustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information." *Id.*

Here, Mr. Gupte alleges that USPS failed to deliver three letters, including one that was "highly sensitive and worth about $500,000." Compl. To the extent that his allegations constitute a tort claim against the United States Postal Service, any claim fits squarely within the exception to the FTCA's waiver of sovereign immunity and is therefore barred. *See, e.g.*, *Djordjevic v. Postmaster General*, 911 F. Supp. 72, 75 (E.D.N.Y. 1995) (dismissing tort claims for lost packages and mail under the 28 U.S.C. § 2680(b) exception); *Irons v. U.S. Postal Service*, No. 12-cv-5408 (KAM), 2012 WL 4344318, at *2 (E.D.N.Y. 2012) ("Accordingly, to the extent that plaintiff alleges the Postal Service was negligent in delivering, handling, or failing to deliver plaintiff's mail, any such claim is precluded by the postal matter exception and must be dismissed on the basis of sovereign immunity." (internal citations and quotation marks omitted)).

Accordingly, this Court lacks jurisdiction over any tort claims raised by the Complaint, and they will be dismissed.

### 2. The Contract Claims

The Tucker Act and Little Tucker Act waive sovereign immunity for "non-tort claims 'against the United States . . . founded . . . upon any express or implied contract with the United States." *C.H. Sanders Co., Inc. v. BHAP Housing Dev. Fund Co., Inc.*, 903 F.2d 114, 119 (2d Cir. 1990) (quoting 28 U.S.C. § 1346(a)(2)). "The Tucker Act confers jurisdiction over such claims upon the Court of Claims." *Adeleke v. U.S.*, 355 F.3d 144, 151–52 (2d Cir. 2004). District

courts have concurrent jurisdiction under the Little Tucker Act only "when the amount of the damage claim is $10,000 or less." *Id.* at 152.

Here, Mr. Gupte alleges that his lost mail was "worth about $500,000." Compl. This is "substantially more than $10,000" so "the Tucker Act cannot provide the waiver of sovereign immunity necessary for him to pursue his claim in the district court." *Id.*; *see also Tabor v. United States*, 3:22-cv-00795 (VDO), 2024 WL 4335601, at *4 (D. Conn. Sept. 27, 2024) ("This Court must therefore dismiss Count One and Count Two for lack of subject matter jurisdiction. Because they involve more than $10,000, only the Court of Claims may adjudicate these two claims."); *Chekroun v. Small Business Admin.*, 32 F. Supp. 2d 514, 516 (D. Conn. 1998) ("[A]ny alleged 'contract dispute' between plaintiff and [the Government] must be brought before the Court of Federal Claims, not a district court, inasmuch as the instant claims seek in excess of $10,000.").

Accordingly, this Court lacks jurisdiction over any contract claims raised by the Complaint, and they will be dismissed.

### B. Motion for Leave to Amend

"A pro se complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)) (cleaned up). Where there is no indication that a valid claim can be stated after a liberal reading of a *pro se* plaintiff's complaint, however, the Court need not grant leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

Leave to amend can be denied as "futile" where the problems with a plaintiff's claims are "substantive" and "better pleading will not cure" them. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Examples of futility include when claims are barred by immunity doctrines or statutes of limitation. *See Harrison v. New York*, 95 F. Supp. 3d 293, 305 (E.D.N.Y. 2015) (collecting cases).

Here, granting Mr. Gupte leave to amend would be futile because any claim his Complaint may present is barred by sovereign immunity and this Court thus lacks subject matter jurisdiction to hear them. *See, e.g.*, *Harrison*, 95 F. Supp. 3d at 331 (denying leave to amend when claims were barred by immunity doctrines); *Abrahams v. Conn. Dept. of Social Serv.*, 3:16-cv-00552 (CSH), 2018 WL 995106, at *7 (D. Conn. Feb. 21, 2018) (denying leave to amend when immunity doctrine stripped the court of jurisdiction).[1]

Accordingly, the motion for leave to amend the Complaint will therefore be denied.

IV.   CONCLUSION

For the reasons explained above, the United State Postal Service's motion to dismiss is **GRANTED** and Mr. Gupte's motion for leave to amend is **DENIED.**

Mr. Gupte's claims are dismissed with prejudice.

The Clerk of Court is respectfully directed to close this case.

---

[1] As an additional basis for dismissal, Mr. Gupte has failed to exhaust administrative remedies as required by the FTCA. Under the FTCA, "a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court." *Adeleke*, 355 F.3d at 153; *see also Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 84 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived."). Here, Mr. Gupte has not pled exhaustion, *see* Compl., and the USPS has submitted a declaration in support of their motion to dismiss stating that no administrative claim has been received. *See* Decl. of Kimberly A. Herbst, ECF No. 8-2 (May 23, 2024). Accordingly, Mr. Gupte's FTCA claims must also be dismissed for failure to exhaust administrative remedies. *See, e.g.*, *Celestine*, 403 F.3d at 84 ("[Plaintiff] has concededly failed to exhaust her administrative remedies . . . . It is this failure to exhaust that bars her claim[.]"); *American United Transpo. v. Western Regional Union*, 569 F. Supp. 3d 151, 157 (E.D.N.Y. 2021) ("Because Plaintiff has not pled exhaustion of its administrative remedies, as required by the FTCA, the Court does not have subject matter jurisdiction and therefore grants the [Government's] motion to dismiss." (citations omitted)).

**SO ORDERED** at New Haven, Connecticut, this 22nd day of November, 2024.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge